# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

TERI L. TIFFANY,
    Plaintiff,

Vrs                                        NO: 1:07-cv-1010
                                                 Hon: Richard Alan Enslen
                                                 U. S. District Judge

UNUM LIFE INSURANCE COMPANY OF
AMERICA  and
GENMAR TRANSPORTATION Inc.
     Defendants.
_____

| | |
|---|---|
| Richard L. Benedict (P10675) | J. Michael Smith (P24530) |
| Benedict & Benedict PC | D.Andrew Portinga (P55804) |
| Co counsel for Plaintiff | MILLER JOHNSON |
| 121 Garfield | Counsel for UNUM Group |
| P.O. Box 6850 | 250 Monroe, NW, Suite 800 |
| Traverse City, MI 49696 | P.O. Box 306 |
| 231 947 1161 | Grand Rapids MI 49501-0306 |
| | (616) 831 1754 |
| Jeffery R. Wingfield (P67318) | |
| Law Office of Dundon & Wingfield | Mark S. Allard (P38164) |
| Co counsel for Plaintiff | VARNUM RIDDERING SCHMIDT |
| P.O. Box 5046 | & HOWLETT LLP |
| Traverse City, MI 49696 | Attorneys for Genmar Transportation |
| 231 947 5644 | 333 Bridge St NW, P.O. Box 352 |
| | Grand Rapids, MI 49501-0352 |
| | (616) 336-6000 |

_____

**PLAINTIFF, TERI L. TIFFANY'S,  BRIEF IN OPPOSITION TO GENMAR TRANSPORTATION'S MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(B)(6)**

## INTRODUCTION

Defendant, Genmar Transportation Inc., moves the Court to dismiss the Complaint against it claiming that it fails to state a claim upon which relief can be granted. Defendant, Genmar Transportation's theory is that the Plaintiff's state insurance law claims are prempted by ERISA.  Plaintiff contends that the state law claims are not preempted.

## II STANDARDS OF DECISION

Defendant , Genmar Transportation,  its motion for summary under *Fed. R  Civ P. 12(b)(6).* The Defendant, Genmar Transportation Inc., cites cases indicating the decision is solely on the pleadings, all factual allegations by the non moving party must be accepted as true, the complaint must contain allegations to sustain all material elements of a viable legal theory and documents may be introduced if the documents solely fill in the details of the complaint.   The Plaintiff agrees with those standards.  Plaintiff therefore attaches the application for insurance from the Administrative record submitted by the Defendant, Unum Life Insurance Company of America

## III  PLAINTIFF'S CLAIM IS BASED UPON STATE LAWS REGULATING INSURANCE WHICH ARE NOT PREEMPTED.

An employee benefit plan that is funded with a group insurance policy may be indirectly regulated by state laws, which will have provisions that apply to group insurance polices. *§ 514(b)(2)(A), 29 USCA § 1144(b)(2)(A)* states

"(a) … shall supersede any and all State laws… relate to any employee benefit plan

(2)(A) Except as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking or securities." See *Metropolitan Life Ins. Co. v Massachusetts, 471 US 724, 105 S. Ct. 2380, 85 L. Ed 2d 728 (1985)*.  The leading case presently is *Kentucky Ass'n of Health Plans, Inc. Miller, 538 US 329, 123 S. Ct 1471, 155 L. Ed 2d  468 (2003)*.  Kentucky Ass'n broadened the definition of state law that regulates insurance.

The Plaintiff will contend then that *MCL § 500.4432, MSA § 24.14432* applies:

"There shall be a provision that the policy shall be incontestable after 2 years from its date of issue, except for non payment of premiums and except for violation of the policy relating to military service or naval service in time of war"

In the policy furnished with the motion on page 31 of 63

**"HOW CAN STATEMENTS MADE IN YOUR APPLICATION FOR THIS COVERAGE BE USED?**
…or evidence of insurability form a representation…

Except in the case of fraud, Unum can only take action in the first 2 years coverage is in force."

The language required by *MCL §500.4432* is not in the policy.

Further the Plaintiff will contend that Michigan common  law of waiver and estoppel where premiums are collected for a number of years applies.  *Reimold v Farmers Mut Fire Ins. Co, 162 Mich 69, 127 NW 17 (1910), Johnson v American Fidelity Fire Ins. Co.., 351 Mich 515, 88 NW2d 913 (1958)*.  Plaintiff will also raise federal estoppel and waiver, *Pitts v American Security Life Insurance Company, 931 F3d 351 (1991),   Blum v Spectrum Restaurant Group-Employees Group Life and Supplemental Life Plan., 140 Fed Appx.556 (2005)*.  Plaintiff will contend that the Defendant, Unum Insurance Company of America, abused the discretion given it in the policy where it did not put the

incontestability clause in the policy when doing business in Michigan and did not consider the effect of waiver by accepting premiums from the decedent for three years.

## GENMAR'S TRANSPORTATION INC'S LIABILITY

The Plaintiff pled that the Defendant, Genmar Transportation Inc, violated ERISA in addition to the Plaintiff's state law claims.. Genmar Transportation Inc. since it was entrusted with employees funds for remittance to Unum was acting in a fiduciary capacity under ERISA, *Phelps v C.T. Enterprises Inc., 394 F3d 213 (2005)*. Plaintiff would amend the Complaint to allege under *1132(a)(3)(B),* breach of fiduciary duty*, 29 USCA § 1104(a)(1)(B)*.  This section requires the fiduciary to act solely in the interest of the participants and beneficiaries …And with the care, prudence, skill and diligence of a prudent man.

Since the Plaintiff can not recover monetary damages against Genmar Transportation Inc. under this legal theory*, Hoberling v Nolan, 49 F.Supp2d, (1999)*.  Plaintiff would ask for the other equitable remedies, *29 USCA § 1132 (a)(3)*. Plaintiff would allege that Genmar Transportation Inc. is required to do all it can to assure that the claim is paid by Unum. Therefore the Plaintiff would ask that Genmar Transportation Inc. be required to furnish the administrator the decedent's entire personnel record and an explanation of the deductions upon the decedents paycheck stubs.

Further Plaintiff would amend asking that this new information be considered by the administrator.  To accomplish that the Plaintiff will request that the case be remanded to the administrator.

                Respectfully submitted,
                BENEDICT & BENEDICT PC,

                                LAW OFFICES OF DUNDON & WINGFIELD
                                Co-counsel for Plaintiff

Dec 18, 2007                  /s/_____
                                Richard L. Benedict (P10675)
                                Business address and telephone
                                Benedict & Benedict PC
                                121 Garfield
                                P.O. Box 6850
                                Traverse City, MI 49696
                                 231 947 1161