**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERI L. TIFFANY,
    Plaintiff,

Vrs                                            NO: 1:07-cv-1010
                                              Hon: Richard Alan Enslen
                                              U. S. District Judge

UNUM LIFE INSURANCE COMPANY OF
AMERICA  and
GENMAR TRANSPORTATION Inc.
    Defendants.
_____

| | |
|---|---|
| Richard L. Benedict (P10675) | J. Michael Smith (P24530) |
| Benedict & Benedict PC | D. Andrew Portinga (P55804) |
| Co counsel for Plaintiff | MILLER JOHNSON |
| 121 Garfield | Counsel for UNUM Group |
| P.O. Box 6850 | 250 Monroe, NW, Suite 800 |
| Traverse City, MI 49696 | P.O. Box 306 |
| 231 947 1161 | Grand Rapids MI 49501-0306 |
| | (616) 831 1754 |
| Jeffery R. Wingfield (P67318) | |
| Law Office of Dundon & Wingfield | Mark S. Allard (P38164) |
| Co counsel for Plaintiff | VARNUM RIDDERING SCHMIDT |
| P.O. Box 5046 | & HOWLETT LLP |
| Traverse City, MI 49696 | Attorneys for Genmar Transportation |
| 231 947 5644 | 333 Bridge St NW, P.O. Box 352 |
| | Grand Rapids, MI 49501-0352 |
| | (616) 336-6000 |

_____

**BRIEF IN OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**
**BY DEFENDANT, UNUM LIFE INSURANCE COMPANY OF AMERICA.**

1

# CITATIONS

*Barkin v Patient Advocates LLC,* 493 F. Supp2d 119 (2007). Pg 4

*Baseheart v Life Insurance Company of North America* 960 F. Supp. 1210 (1997). Pg 5

*Bell Atlantic v Twombly, 127 St. Ct. 1955 (2007).*  Pg 3

*Blum v Spectrum Restaurant Group-Group Life and Supplemental Life Plan,* 140 Fed. Appx 556 (2005).   Pg 6

*Citizens Insurance Company of America v American Medical Security, Inc.,* 92 F.Supp.2d 663 (2000)          pg 5

*Conley v Gibson* 355 US 41, 45-46, 78 S. Ct. 99, 12 LEd  2d 80 (1957)       pg 3

*Drouillard v Metropolitan Life Ins. Co.* 107 Mich App 608, 310 NW2d 15 (1981).  Pg 6

*Johnson v American Fidelity Fire Insurance Co.*, 351 Mich. 515, 88 NW2d 913 (1958). Pg 6

*Kentucky Ass'n of Health Plans, Inc v Miller,* 538 US 329, 123 S.Ct. 1471 (2003) pg 5

*Pitts v American Security Life Insurance Company* 931 F.2d 351 (1991) pg 6

*Sanjuan v American Bd. Of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994)           pg 4

 *Turner v Safeco Life Ins. Co*, 17 F.3d 141 (1994)  pg 5

*Unum Life Insurance Company of America v Ward* 526 US 358, 119 S. Ct. 1380 (1999). Pg 4

EMPLOYEE RETIREMENT  INCOME SECURITY ACT of 1974 (ERISA), 29 USC 1132

§ 502(a)(1)(B)  and 29 USC 1132 (a) (1)(B)

FRCP 8 (a).

FRCP 15

MCL § 500.4432

## INTRODUCTION

Defendant, Unum, omits the basis for the Plaintiff's claim in the Introduction.  First that Michigan law on incontestability is designed to void the lack of insurability defense after two years.  Second that the Defendant, Unum, received and kept the decedents premiums for three years prior to death constituting a waiver under Michigan and Federal law.

Defendant, Unum, then contends that Plaintiff failed to amend to state a valid cause of action.  Plaintiff's Complaint stated:
6.  That life insurance policy is welfare benefit of a retirement plan regulated by EMPLOYEE RETIREMENT  INCOME SECURITY ACT of 1974 (ERISA), 29 USC 1132
Plaintiff believed that under the FRCP 8 (a) her pleadings were correct.  The purpose of pleadings is to give fair notice of the pleader's claims.  *Conley v Gibson* 355 US 41, 45-46, 78 S. Ct. 99, 12 LEd  2d 80 (1957).  The Defendant, Unum, as it has in this motion immediately removed the case claiming that the sole remedy was under § 502(a)(1)(B) and 29 USC 1132 (a) (1)(B) the section allowing an individual to sue for benefits.  Plaintiff has filed nothing disputing the jurisdiction under § 502(a)(1)(B). Plaintiff claims that while the case is now under §502(a)(1)(B) Michigan law directed right at insurance still controls and will be used  by the Court as a one basis for the decision. The other being Federal Common Law.  Plaintiff did not understand that the Defendant, Unum, was not clear.  In Plaintiff's counsel 40 years of experience, only 1 case in Federal Court however, such confusion usually results in a motion for a More Definite Statement.  Plaintiff offers and attaches an Amended Complaint to clear any confusion in anyone's mind.  A new complaint may be necessary in any event depending upon the Court's decision in Genmar's Motion for Summary.  If so Plaintiff will be asking for leave under FRCP 15 to bring in Genmar's personnel records for the decedent.

## STANDARD FOR JUDGMENT ON THE PLEADINGS

Defendant, Unum's, statements of the law are good as far as they go.  The latest case on the subject is  *Bell Atlantic v Twombly, 127 St. Ct. 1955 (2007).*
    " Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests*", Conley v Gibson* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid., Sanjuan v American Bd. Of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiffs obligation to provide the "grounds" of his "entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will; not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)(on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")," on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g

*Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S_Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely")."

Quoting *Sanjuan, 40 F.3d, at 251 supra* (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint". Rule 8 requires (1) a short statement of the grounds of the court's jurisdiction, unless the court already has jurisdiction. The removal to this Court and the Defendants assertation that this is a preempted ERISA case confers jurisdiction. (2) a short and plain statement showing that the pleader is entitled to relief. Plaintiff claims that the Defendant, Unum, breached the insurance contract and so pled. (3) a demand for judgment for the relief the pleader seeks. Plaintiff demanded $150,000. Plaintiff attaches a proposed amended complaint that changes the relief. The Plaintiff did state §1132(a)(1)(B) and did ask for relief under that section in state court. Failure to state the section has been held not fatal to a claim for benefits, *Barkin v Patient Advocates LLC,* 493 F. Supp2d 119 (2007).

### ARGUMENT

Plaintiff's Complaint as it is now alleges a claim for a benefit under §1132(a)(1) (B).

Plaintiff brings her action under *Unum Life Insurance Company of America v Ward* 526 US 358, 119 S. Ct. 1380 (1999). Unum was brought under § 502(a), 29 USC § 1132(a). The case concerned the preemption clause § 514(b)(2)(A) and 29 USC §

4

1144(a). The question was whether California's decisional "notice–prejudice" rule was a law which regulates insurance and therefore was not preempted. The Court held it was not and that it formed the basis for the decision.

Plaintiff agrees that this case falls under the preemption clause, § 514 (a) being based partially upon Michigan law. The question is do the Plaintiff's Michigan claims escape preemption by regulating insurance, § 514 (b)(2)(A). The *Unum* Court first asks whether from a "common sense view of the matter" whether the contested prescription regulates insurance. Obviously the Michigan incontestability statute regulates insurance. Next the *Unum* Court determined that the second required factor was present "spreading of the risk". It stated that by shifting the risk for late notices from the insured to the insurance company, it has the effect of raising premiums and spreading risk among policyholders. Likewise the incontestably statute and waiver decisions deny the insurance company defenses and undoubtedly raise premiums shifting the risk to the policyholders. Finally the Unum Court states "We have repeatedly held that state laws mandating insurance contract terms are saved from preemption under § 1144(b)(2)(A)" The *Unum* Court held that the saved state insurance law was a relevant rule of decision in a § 502(a) action. *Kentucky Ass'n of Health Plans, Inc v Miller,* 538 US 329, 123 S.Ct. 1471 (2003) holds that these two standards, common sense and risk spreading, are the only one that need be considered. This Court in *Citizens Insurance Company of America v American Medical Security, Inc.,* 92 F.Supp.2d 663 (2000) found that sections of Michigan's no-fault insurance law was not preempted as regulating insurance and used it to resolve the case..

### *Turner v Safeco Life Ins. Co*, 17 F.3d 141 (1994)

Defendant, Unum, contends by a broad reading of *Turner* that the Plaintiff's claims that eligibility can not be denied under Michigan law can not be supported. The Defendant, Unum, quotes a section of the *Turner* decision. *Turner* strictly construed the Kentucky statute. It held that the partnership, in this case Genmar, had to attack the validity of the policy and the statue covered only statements made by an individual. The decision has been criticized as having been too restrictive, *Baseheart v Life Insurance Company of North America* 960 F. Supp. 1210 (1997).

Michigan's statute is different. MCL § 500.4432

5

Sec. 4432. There shall be a provision that the policy shall be incontestable after 2 years from the date of issue, except for the non–payment of premiums and except for violation of the conditions of the policy relating to military or naval service in time of war.

The statute has been interpreted to prohibit challenge as to insured's health after two years. *Drouillard v Metropolitan Life Ins. Co.* 107 Mich App 608, 310 NW2d 15 (1981). The statute can not have any other meaning than applying to individuals covered. The company holding the policy can not serve in the military. *Baseheart supra* argues that *Turner supra* was a bad decision. The Court should make a decision considering that the Michigan statue is different.

### WAIVER

Michigan law holds that by accepting premiums the insurance company may waive defenses. *Johnson v American Fidelity Fire Insurance Co.*, 351 Mich. 515, 88 NW2d 913 (1958). Again *Unum supra* states that decisional state law regulating insurance applies in an action for benefits under ERISA. Federal common law developed to apply ERISA recognizes waiver, *Pitts v American Security Life Insurance Company* 931 F.2d 351 (1991), *Baseheart supra, Blum v Spectrum Restaurant Group-Group Life and Supplemental Life Plan,* 140 Fed. Appx 556 (2005).

### AMENDMENT OF PLEADINGS

Defendant, Unum, requests the Court to forbid the Plaintiff to amend her pleadings. Plaintiff as stated above believes that it complied with FRCP 8. Plaintiff believes that the Defendant , Unum, had notice that the claim was under ERISA. Plaintiff believes that the Defendant, Unum's repeated contention that the case is under ERISA from the beginning demonstrates notice. Defendant, Unum, contends that the Plaintiff has not been diligent in requesting to amend. Plaintiff's complaint could have been heard in state court. Once the case was removed and Defendants began to point out that this was a preempted ERISA case. Plaintiff has to have opportunity to find the law, *Unum supra.* Defendants contended that Michigan insurance law had no application. If the Plaintiff accepted the

Defendants contentions at face value, plaintiff would have been out of court. Plaintiff believes that good cause has been found and if the Court finds it necessary that the proposed Amended Complaint be accepted without further application.

                              Respectfully submitted,

                              BENEDICT & BENEDICT PC,
                              LAW OFFICES OF DUNDON & WINGFIELD
                              Co-counsel for Plaintiff

Jan 21, 2008                   /s/_____

                              Jeffery R. Wingfield (67318)
                              Business address and telephone
                              LAW OFFICES OF DUNDON & WINGFIELD
                              121 Garfield
                              P.O. Box 5046
                              Traverse City, MI 49696
                              231 947 5644

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERI L. TIFFANY,
    Plaintiff,

Vrs                                        NO: 1:07-cv-1010
                                            Hon: Richard Alan Enslen
                                            U. S. District Judge

UNUM LIFE INSURANCE COMPANY OF
AMERICA  and
GENMAR TRANSPORTATION Inc.
     Defendants.
_____

| | |
|---|---|
| Richard L. Benedict (P10675) | J. Michael Smith (P24530) |
| Benedict & Benedict PC | D. Andrew Portinga (P55804) |
| Co counsel for Plaintiff | MILLER JOHNSON |
| 121 Garfield | Counsel for UNUM Group |
| P.O. Box 6850 | 250 Monroe, NW, Suite 800 |
| Traverse City, MI 49696 | P.O. Box 306 |
| 231 947 1161 | Grand Rapids MI 49501-0306 |
| | (616) 831 1754 |
| Jeffery R. Wingfield (P67318) | |
| Law Office of Dundon & Wingfield | Mark S. Allard (P38164) |
| Co counsel for Plaintiff | VARNUM RIDDERING SCHMIDT |
| P.O. Box 5046 | & HOWLETT LLP |
| Traverse City, MI 49696 | Attorneys for Genmar Transportation |
| 231 947 5644 | 333 Bridge St NW, P.O. Box 352 |
| | Grand Rapids, MI 49501-0352 |
| | (616) 336-6000 |

_____

**AMENDED COMPLAINT**

1. Plaintiff, Teri L. Tiffany, is a resident of Wexford County.

2. Defendant, Genmar Transportation LLC, is a corporation with an office in Wexford County to haul for Four Winns.

3. The Plaintiff's decedent, Steven Tiffany, worked as a trucker for the Defendant Genmar Transportation LLC., out of the Wexford County office.

4. The Defendant, Unum Life Insurance Company of America, wrote a group life insurance policy on the life of Steven Tiffany, Policy 557680, on or about Dec 10, 2003.

5.  Plaintiff, Teri L. Tiffany, is the beneficiary of that life insurance policy.

5. That the Defendant, Genmar Transportation LLC, collected premiums from the decedent, Steven Tiffany, for three years and forwarded them as part of the premiums due from all employees to the Defendant, Unum Life Insurance Company of America

6.  That life insurance policy is a welfare benefit of a retirement plan regulated by EMPLOYEE RETIREMENT  INCOME SECURITY ACT of 1974 (ERISA).

7.   This Court has jurisdiction to hear an action for benefits under § 502(a) of the EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 and under  29 USC 1132 (a)(1)(B)

8.  The amount in controversy is $150,000.

**COUNT I-BREACH OF CONTRACT**

9.   Plaintiff  realleges all previous paragraphs.

10.  Defendant, Unum Insurance Company of America, covered under a group life insurance policy  (Policy # 557680, Claim # 312818) Steven Ray Tiffany, DOB 07/06/1961, DOD 12/04/2006 on or about Dec. 10, 2003.

11.   Steven Ray Tiffany had the premiums for the additional benefit under the policy deducted from his wages for three years and forwarded to the Defendant, Unum Life Insurance Company of America, by the human relations department of the Defendant, Genmar Transportation LLC.

12.  Policy # 557680 provided an additional death benefit of  $150,000 payable to the beneficiary, the Plaintiff.

13.   That the Policy became incontestable under Michigan law, MCL § 500.4432, MSA § 24.14432 two years from the date of first coverage, Dec 10, 2003.

14.   On Dec. 4, 2006, while the policy was still in force with all premiums paid, Steven Ray Tiffany, died.

15.   Plaintiff gave notice to the Defendant, Unum Life Insurance Company of America, of the death of Steven Ray Tiffany within the time required by the policy, and complied with all the conditions precedent in the policy.

16.   That the Defendant, Unum Life Insurance  Company of America, in spite of the incontestability of the policy under Michigan law, arbitrarily and capriciously without

considering Michigan law denied coverage because the decedent had never submitted health information as required by the policy.

Wherefore Plaintiff requests:

1. That the case be remanded to the administrator, Unum Life Insurance Company of America to apply Michigan law and to obtain the decedent's personnel records from the Defendant, Genmar Transportation Company, to determine the duration and amounts of the premiums paid.

2. That the Court award the Plaintiff $150,000.

**COUNT II- WAIVER**

17. Plaintiff realleges all previous paragraphs.

18. For a period exceeding three years Steven Ray Tiffany, the decedent, paid premiums to the Defendant , Unum Life Insurance Company of America, for additional life insurance  in the amount of $150,000.

19.  Defendant, Unum Life Insurance Company of America, accepted the premiums without insisting on the required heath information.

20. That the acceptance of the premiums under Michigan law waived the requirement of the submission of health information.

21.  That acceptance of the premiums under Federal common law waived the requirement of submission of health information.

Wherefore Plaintiff requests:

1. That the case be remanded to the administrator, Unum Life Insurance Company of America to apply Michigan law and to obtain the decedent's personnel records from the Defendant, Genmar Transportation Company, to determine the duration and amounts of the premiums paid.

2. Plaintiff alternatively requests that the Court find that the Defendant, Unum Life Insurance Company of America is estopped from denying coverage and enter a judgment for $150,000 plus costs and attorney fees allowed by law.

**COUNT III-BREACH OF FIDUCIARY DUTY**

22. Plaintiff realleges all previous paragraphs.

23. Defendant, Genmar Transportation LLC, collected the premiums, transmitted the premiums, and administered the paperwork relative to this welfare benefit.

24. That the Defendant, Genmar Transportation LLC had a duty both in common law and under ERISA not to jeopardize the life insurance coverage that Steven Tiffany was paying for.

25. That the Defendant, Genmar Transportation LLC, had upon information and belief knowledge that the decedent had not submitted his health information and neglected to correct the omission.

26. Thereby breaching its fiduciary duty, 29 USCA § 1104(a)(1)(B) and creating a right of action under 29 USCA § 1132(a)(3)(B),

Wherefore Plaintiff requests that the Defendant, Genmar Transportation LLC, be ordered by the Court to deliver the personnel records of the Decedent, Steven Ray Tiffany, to the Defendant, administrator, Unum Life Insurance Company of America.

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　BENEDICT & BENEDICT PC,
　　　　　　　　　　　　　　　　　LAW OFFICES OF DUNDON & WINGFIELD
　　　　　　　　　　　　　　　　　Co-counsel for Plaintiff


Jan 21, 2008　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　Jeffery R. Wingfield (67318)
　　　　　　　　　　　　　　　　　Business address and telephone
　　　　　　　　　　　　　　　　　LAW OFFICES OF DUNDON & WINGFIELD
　　　　　　　　　　　　　　　　　121 Garfield
　　　　　　　　　　　　　　　　　P.O. Box 5046
　　　　　　　　　　　　　　　　　Traverse City, MI 49696
　　　　　　　　　　　　　　　　　231 947 5644